IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF HARLEY MARINE GULF, LLC ET AL, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § | CIVIL ACTION NO. _____ <br><br> RULE 9(h) ADMIRALTY <br> NON-JURY |

**VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

COME NOW, Harley Marine Financing, LLC, as owner of the M/V STARDUST, MGI Marine, LLC, as owner of the tank barge MGI 2720, and Harley Marine Gulf, LLC, as operator of the M/V STARDUST (collectively "Petitioners"), and file this, their Verified Complaint and Petition for Exoneration From and/or Limitation of Liability. This Complaint is submitted pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq.* In support of this Complaint, Petitioners would show the Court as follows:

1. This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Venue is proper within the United States District Court for the Southern District of Texas pursuant to Rule F of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure because Petitioners have been sued in this district. FED. R. CIV. P. SUPP. ADMIRALTY R. F(9).

3. At all material times, Harley Marine Financing, LLC was and is a limited liability company formed under the laws of the State of Delaware with its principal place of business in Seattle, Washington. At all material times, Harley Marine Financing, LLC was the owner of the M/V STARDUST.

4.      At all material times, MGI Marine, LLC was and is a limited liability company formed under the laws of the State of Texas with its principal place of business in Channelview, Texas. At all material times, MGI Marine, LLC was the owner of the tank barge MGI 2720.

5.      At all material times, Harley Marine Gulf, LLC was and is a limited liability company formed under the laws of the State of Washington with its principal place of business in Channelview, Texas.  At all material times, Harley Marine Gulf, LLC was the operator of the M/V STARDUST.

6.      At all material times, the M/V STARDUST, bearing Official Number 1247507, was a towing vessel of the United States with a gross tonnage of 96 GRT.  At all material times, the M/V STARDUST was tight, staunch, strong, fully and properly equipped and supplied, in all respects, seaworthy, and fit for the service for which it was engaged.

7.      At all material times, the tank barge MGI 2720, bearing Official Number 1216328, was a tank barge without propulsive power with a gross tonnage of 1619 tons.  At all material times, tank barge MGI 2720 was tight, staunch, strong, fully and properly equipped and supplied, in all respects, seaworthy, and fit for the service for which it was engaged.

8.      On or about March 8, 2019, the M/V STARDUST and the MGI 2720 were involved in a collision with the M/V INDEPENDENCE, IMO 9710191, a vessel allegedly owned and/or operated by Sea-Vista Newbuild I, LLC and Seabulk Tankers, Inc., in the Houston Ship Channel.

9.      The aforementioned incident resulted in a lawsuit filed against Harley Marine Gulf, LLC, Seacor Marine, LLC, and Seabulk Tankers, Inc., styled *Jackie Thomas v. Harley Marine Gulf, LLC*, No. 2019-22590, in the 269th Judicial District Court of Harris County, Texas.

10.     All alleged resultant losses, injuries, and/or damages, if any, resulting from an incident that occurred on or about March 8, 2019, described above were not caused or contributed to by

any fault, neglect, lack of due diligence, negligence or want of due care on the part of Petitioners or of any person for whose acts they are responsible, nor were the M/V STARDUST or the MGI 2720 in any respect unseaworthy. To the contrary, the incident that occurred on or about March 8, 2019, as well as any losses, injuries, and/or damages allegedly sustained by any person, firm, corporation, or legal entity arising out of the marine catastrophe were due to and/or caused by the fault, neglect, lack of due diligence, negligence, want of due care, acts and/or omissions of others for whom Petitioners are not responsible.

11.     Petitioners deny that they or the M/V STARDUST, the MGI 2720, or any person or property for whom or which they may be responsible, are liable to any extent in the premises.

12.     Petitioners claim exoneration from all liability for all losses, damages, injuries, and destruction incurred by reason of the matters aforesaid. In the alternative, and in the event Petitioners and/or the M/V STARDUST or MGI 2720 should be held responsible by reason of the collision described above, Petitioners claim the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and all laws supplementary thereto and amendatory thereof, because all the losses, damages, injuries, and/or destruction resulting from the aforesaid casualty occurred without the privity or knowledge of Petitioners.

13.     As shown in the attached Declarations of Value, attached hereto as Exhibits 1 and 2 and incorporated by reference, at the termination of the voyage underway on or about March 8, 2019, the value of the M/V STARDUST was $3,418,000 and the value of the MGI 2720 was $2,748,000.

14.     As shown in the Declarations of Pending Freight, attached hereto as Exhibits 3 and 4 and incorporated by reference, at the termination of the voyage underway on or about March 8, 2019, the freight pending for the M/V STARDUST was $4,500.00 (FOUR THOUSAND FIVE

HUNDRED AND 00/100 DOLLARS) and the freight pending for the MGI 2720 was $2,385.00 (TWO THOUSAND THREE HUNDRED EIGHTY-FIVE AND 00/100 DOLLARS).

15. Petitioners file contemporaneously herewith *Ad Interim* Stipulations of Value for their respective interests in the M/V STARDUST and the MGI 2720 plus the freight pending at the termination of the aforesaid voyage, with interest at the rate of six percent (6%) per annum from the date of the deposit of the security as may ascertained and determined to be necessary under any orders of this Honorable Court.

16. The flotilla rule and the common enterprise rule do not apply in this matter because the M/V STARDUST and the MGI 2720 are not commonly owned. MGI Marine, LLC is providing an ad interim stipulation for the MGI 2720 out of an abundance of caution. Petitioners reserve their respective rights to seek an amendment of the *Ad Interim* Stipulations of Value.

17. Pursuant to 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules, Petitioners are required to furnish security for costs. Accordingly, Petitioners file simultaneously herewith, a check in the amount of $500.00 in lieu of filing a cost bond to be deposited into the Registry of the Court.

18. To the best of Petitioners' knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the M/V STARDUST and the MGI 2720 and the vessels have not been and are not presently under seizure as a result of any claims or demands.

19. Petitioners claim exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforementioned incident.

20. Petitioners further aver that they have valid defenses to the merits of any and all such claims. Petitioners specifically claim the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. § 30501 *et seq.* and all statutes amendatory thereof and supplementary thereto.

21. Pursuant to 46 U.S.C. § 30501 *et seq.*, Petitioners are entitled to have all claims and issues concerning the incident in question consolidated in a single proceeding before the United States District Court for the Southern District of Texas sitting in Admiralty.

WHEREFORE, Petitioners respectfully prays that:

1. That the Court enter an order approving the aforementioned *Ad Interim* Stipulations of Value deposited with the Court by Petitioners as security for the amount or value of Petitioners' respective interests in the M/V STARDUST and MGI 2720.

2. That the Court issue a notice to all persons, firms, associations, or corporations asserting claims with respect to which Petitioners seek exoneration from, or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from, or the right to limitation of liability that claimant shall file and serve on the attorneys for Petitioners an Answer to the Complaint on or before the said date;

3. That the Court enjoin the prosecution of any and all actions, suits or proceedings which may be commenced, of any nature or description whatsoever in any jurisdiction against Petitioners or any other property of Petitioners or against Petitioners' employees or underwriters, except in this action, to recover for damages from or with respect to any bodily injury, death, damage to property or other loss or destruction resulting from the aforementioned incident, or done, occasioned, occurred, or arising out of said voyage or incident;

4.  That the Court adjudge that Petitioners are not liable to any extent for the bodily injury, death, or property damage, loss of use or other loss or destruction resulting from the aforementioned incident, or done, occasioned, occurred, or arising out of said voyage or incident;

5.  Alternatively, and only if Petitioners shall be adjudged liable, then they pray that such liability for any bodily injury, death, damage, loss of use to property or other loss or destruction and consequence of the said voyage or incident be limited to the amount or value of Petitioners' respective interests in the M/V STARDUST and MGI 2720 at the end of said voyage or incident, plus pending freight, and that Petitioners be discharged therefrom, upon surrender of such interest and that the money surrendered, paid or secured to be paid, be divided pro rata according to the aforementioned statutes and among the claimants as they duly prove their claims in accordance with the provisions of the Order for which Petitioners have prayed herein, saving to all parties any priorities to which they may be legally entitled and that decree be entered discharging Petitioners from all further liability; and

6.  That Petitioners have such other relief as they may be entitled at law, in equity, or in admiralty.

Respectfully submitted,

**CLARK HILL STRASBURGER**

By: _____/s/ David James_____

David James
Texas Bar No. 24032467
SDTX No. 588556
2615 Calder Ave, Suite 240
Beaumont, Texas 77702
Telephone:  (409) 351-3800
Facsimile:  (409) 351-3888
david.james@clarkhillstrasburger.com

**COUNSEL FOR HARLEY MARINE**

        **FINANCING, LLC, HARLEY MARINE GULF, LLC, AND MGI MARINE, LLC**

OF COUNSEL:

CLARK HILL STRASBURGER

Mark Freeman  
State Bar No. 07426600  
S.D.T.X. No. 5975  
Marianne Laine  
State Bar No. 24062834  
S.D.T.X. No. 3159565  
Mark.freeman@clarkhillstrasbuger.com  
marianne.laine@clarkhillstrasburger.com  
2615 Calder Avenue, Suite 240  
Beaumont, Texas 77702-1986  
T:  409.351.3800  
F:  409.351.3883

BAUER MOYNIHAN & JOHNSON LLP

Mark A. Krisher  
Robert D. Sykes  
Petitions *pro hac vice* pending  
Bauer Moynihan & Johnson LLP  
2101 Fourth Avenue, Suite 2400  
Seattle, WA 98121  
Telephone: (206) 443-3400  
Fax: (206) 448-9076  
makrisher@bmjlaw.com  
rsykes@bmjlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF HARLEY MARINE GULF, LLC ET AL, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § | CIVIL ACTION NO. _____ RULE 9(h) ADMIRALTY NON-JURY |

**VERIFICATION**

| | | |
|---|---|---|
| STATE OF TEXAS COUNTY OF JEFFERSON | § § § | KNOW ALL MEN BY THESE PRESENTS: |

BEFORE ME, the undersigned authority, on this day did personally appear David E. James, known to me to be the person executing this affidavit and upon having been duly sworn upon his oath did depose and state as follows:

1. My name is David E. James. I am over 18 years of age, of sound mind and have never been convicted of a felony or crime involving moral turpitude. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am counsel for Harley Marine Financing, LLC, MGI Marine, LLC, and Harley Marine Gulf, LLC in the action to be filed in the Southern District of Texas, Houston Division, styled *In the Matter of Harley Marine Gulf, LLC et al, in a Cause of Exoneration From or Limitation of Liability*.

3. I have read the Complaint for Exoneration from or Limitation of Liability with which this Verification is filed, and certify that the facts contained therein are true and correct based upon my personal knowledge and/or best information and belief. The sources of my information and the grounds for my belief as to all matters stated herein are documents of and communications with said corporations and/or their employees.

Further Affiant sayeth not.

By: _____
David E. James

GIVEN UNDER my hand and official seal of office this 14th day of May 2019.

JENNIFER KAREN MCLARTY
Notary Public, State of Texas
Comm. Expires 01-29-2021
Notary ID 129285012

_____
Notary Public in and for the State of Texas
My Commission Expires: 1|29|2021

8